By the Court.
In April, 1853, a plat of a subdivision of four inlots in the city of Columbus, was duly executed, acknowledged and recorded. It showed, in feet, the length and width of each sub-lot, and an alley ten feet wide *333 between sub-lots five and thirteen. By separate deeds describing the premises granted by the number of the sub-lot and reference to said plat, L. became the owner of one, and M. of the other of said sub-lots. No ordinance ‘accepting said alley was ever passed by the council, but, in March, 1863, it passed an ordinance vacating part of the alley between said lots, on petition of L., the then owner of M.’s lot consenting. L. claiming title to the part of the alley so vacated, under a quit-claim deed from the heirs of the original owner of the ground so laid out, built upon it in May, 1863. In 1875, M. sued L. to recover possession as owner in fee simple of so much of the vacated alley as lies between the middle of what was the alley and the line of' M.’s lot.
Held: 1. Because of section 63, act of May 3,1852 (50 Ohio L., 223), the alley never was a public way.
2. As tho dedicator’s deed did not, in effect, describe M.’s lot as “ bounded by an alley,” but by the east line of the alley, the rule of construction of deeds making “ a stream ” or “ a road ” or “ a way,” a boundary, does not apply.
3. As the dedicator’s plat and deed, under the statutes then in force, left the character of the alley to be determined by the council, he was not responsible for the non-action of that body and the doctrine of estoppel does not apply.
4. Mi does not own in fee any of the vacated part of said alley.

Judgments of district court and common pleas reversed.

Nash, J., did not sit in this case.